I do not think that either of the two essential grounds of an action of deceit established in this case, viz., a fraud committed by the defendant, or a damage resulting from such fraud to the plaintiff. The fraud is alleged to consist in Alston's telling Drake that he, Alston, had paid off the debt for which the plaintiff and Drake were security. But though this assertion was untrue, the means of ascertaining the truth were completely within the power of the plaintiff; and if it were of sufficient importance to regulate his conduct in the transaction, it would obviously seem necessary, in the first place, to ascertain whether it were true or not. A person of ordinary prudence would not permit himself *Page 53 
to be lulled into security by giving full credit to an assertion which was not made to himself, but reported to him by a third person. He would at least have applied to Alston to ascertain the time and circumstances attending the payment, and how far the assertion had been deliberately made. But the sure way would have been to inquire at the bank, whether he were still held responsible for the debt. If the plaintiff was in fact deceived, it was the consequence of his credulity and negligence, and in such a case the law does not profess to administer a remedy.
It does not appear from the declaration or the statement, that any loss was occasioned to the plaintiff which would not equally have happened if the promise or assertion had never been made.
The defendant had no sooner administered on Ramsay's effects than the apprehension was entertained that the estate was insolvent, and the plaintiff and Drake applied in consequence to the administrator, who assured them that he had assets, and would pay the debt. This was about November, 1821, and the plaintiff took no further step; when about four months thereafter a writ was sued out against the administrator and the two indorsers, then at a return (74) term in March, 1822, a joint plea was entered.
It might have been expected that when the administrator had not paid the debt in that time, but suffered the indorsers to be sued, that it would impair their confidence in his promises, and urge, at least, the plaintiff, the only solvent one, to provide for his own security.
But so far from its having this effect, the plaintiff was again quieted, soon after the institution of the suit, by this assertion of Alston, reported to him by Drake, and allowed the suit to depend until the fall of 1824, when the judgment was recovered. I do not perceive that the plaintiff's paying the money was occasioned by the promise or the assertion of the defendant, but rather by his becoming indorser for a person whose estate was probably insolvent from the first; but if not, from his own negligence, in not securing himself when he might do so.
I think the jury have been misdirected in point of law on the merits of the case, and it is not therefore necessary to give an opinion on the minor points made in the cause. There ought to be a new trial.
Judgment reversed. *Page 54